UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BRANKO AND NADA BORICICH, ) | Bankruptcy No. 08 B 15248 |
| Debtors, ) | |
| ) | |
| PHILLIP DRAGISIC, ) | |
| INDIVIDUALLY AND DERIVATIVELY ON ) | |
| BEHALF OF WHITE EAGLE, INC. ) | |
| Plaintiff, ) | Adversary No. 08 A 00728 |
| v. ) | |
| ) | |
| BRANKO BORICICH, ) | |
| Defendant. ) | |

**MEMORANDUM OPINION ON POST TRIAL MOTIONS**
**(1) Motion of Defendant to Alter or Amend Judgment (Docket No. 109)**
**(2) Motion of Plaintiff to Alter or Amend Judgment (Docket No. 107)**

Following trial, Findings of Fact and Conclusions of Law were made and entered, and Judgment entered. Plaintiff's Complaint was allowed only in Count V to the extent that $659,160.85 was held to be a nondischargeable debt owed to Plaintiff under 11 U.S.C. § 523(a)(4).

Adjudications of nondischargeable debts have usually been accompanied by final dollar judgments in favor of the winner under Seventh Circuit authority discussed in *In re Hallahan*, 936 F.2d 1496, 1508 (7th Cir. 1991). However, briefing was requested on whether that practice continued to be appropriate in light of *Stern v. Marshall*, 131 S. Ct. 2594, 180 L. Ed.2d 475 (2011).

While objecting to entry of final dollar judgment, the Defendant also moved to alter or amend the nondischargeability judgment by reducing it "in fairness" to $437,894.08. Defendant's argument did not demonstrate either an error of fact or an error of law in the Findings and Conclusions that were entered. Therefore, Defendant's Motion to Amend Judgment will by separate order be denied.

The Supreme Court decision in *Stern* held that judgment by an Article I Bankruptcy Judge on a counterclaim arising under nonbankruptcy law is not Constitutionally permitted, even though it is under "core" authority, when the counterclaim is founded on "a state law action independent of the federal bankruptcy law," and is based upon private rather than public rights. *Id.* at 2611. The counterclaim in *Stern* involved no antecedent bankruptcy determination and was in an action for which a party might demand a trial by jury. *Id.* at 2611 (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989)).

In contrast, this Adversary proceeding to bar dischargeability of debt due to Plaintiff under 11 U.S.C. § 523(a)(4), claimed to be a core proceeding under 28 U.S.C. § 157(b)(2)(I) but is one in which no party has a right to jury trial. *See In re Hallahan*, 936 F.2d at 1505. Moreover, this action contrasts with *Stern* in being an action directly under and defined by the Bankruptcy Code to determine nondischargeability rather than being independent of bankruptcy law. That characteristic of the action is not changed because the theory of recovery arose under nonbankruptcy law. Indeed, most claims in the bankruptcy system that require application of Code provisions arise under nonbankruptcy law. The bankruptcy judge often must look to state law and rights as they stood pre-bankruptcy to adjudicate disputes. *See, Travelers Cas. & Sur. Co. of Am. v. PG&E*, 549 U.S. 443, 450 (2007). In *Stern* itself the holding was limited to the debtor's counterclaim and similar actions, namely state law counterclaims that are not resolved in the process of ruling on a creditor's proof of claim. *See also In re Olde Prairie Block Owner, LLC*, 2011 Bankr. LEXIS 3170, at *13–15 (Bankr. N.D. Ill.).

*Stern* left intact the authority of a bankruptcy judge to fully adjudge a creditor's claim. In this case, the claim was an adversary proceeding against debtor to bar dischargeability of a debt due to

Plaintiff. Therefore, the authority to enter a final dollar judgment as part of the adjudication of nondischargeability, as recognized in *Hallahan*, was not impaired by *Stern*.

Quite clearly it was necessary here to determine the amount of debt in order to determine the debt that is nondischargeable. Therefore, under the clear exception recognized by *Stern*, final judgment is authorized because such resolution is required to resolve the creditor's claim.

Accordingly, the Plaintiff's Motion will be allowed by entry of an Amended Judgment of this date that adds a final dollar judgment on the nondischargeable debt to the original adjudication. Billable costs will also be allowed to be requested by use of Bankruptcy Form No. B 263.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this _15th_ day of November, 2011.